Parsons, C J.
An allegation of the existence of a copartnership *417 between Graves & Root is unnecessary; and the promise to Graves & Root is sufficient, if there were no copartnership.
Williams for the plaintiff
The second objection is not on the record ; and it is also contradicted by the jury, who have found that Messrs. Graves & Root en dorsed the note; and after verdict we shall presume the endorsement to be in legal form, and regularly made.
The declaration alleges an endorsement by Messrs. Graves fy Root, the promisees, which the jury have found to be true ; the third objection cannot, therefore, prevail.
The fourth objection is, that the declaration does not allege the proper names, or give any description of the promisees, calling them only Messrs. Graves & Root. — We must presume that the declaration pursued the description in the * note ; which [ * 506 ] is sufficient, as the promisees are not parties to the writ. Had they been parties, additions would have been necessary.
The fifth objection is not founded in fact; for the endorsements are made, first by the promisees, and secondly by their endorsee, all who had a legal right to assign the note. — Upon the whole, there seems no color, on which the judgment can legally be arrested.
The defendant’s counsel prays that judgment may be arrested, or that the matters may be reserved for the consideration of the Court as is by law provided.
Cases may be reserved for the consideration of the Court, either by the agreement of the parties on a case stated, or on the judge’s report, or on exceptions filed and allowed agreeably to the statute of 1804, c. 105, § 5, neither of which methods is adopted here ; and although some of the objections would imply that the jury had erred in their conclusions of fact from the evidence, yet we can consider the application only as a motion in arrest of judgment. This motion one judge is competent to hear and decide, as the objection is on the record, and the party, if aggrieved, may be relieved on error.
The motion must be overruled, and judgment be entered on the verdict, with additional damages from the finding of the verdict to the rendition of the judgment.